**THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION.  ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL THE BANKRUPTCY COURT HAS APPROVED A DISCLOSURE STATEMENT, WHICH HAS NOT YET OCCURRED.**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DAWN ELLEN SHRUM, | ) | CASE NO. 17-06895 |
| | ) | |
| DEBTOR. | ) | JUDGE HARRISON |
| | ) | |

**DEBTOR'S PLAN OF REORGANIZATION**

Dawn Ellen Shrum, Debtor-in-Possession in the above-captioned case, proposes the following Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. §§ 1121 and 1123.

A disclosure statement providing more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one).**

**I.     DEFINITIONS** - Unless the context requires otherwise, the following terms shall have the following meanings when used in capitalized form herein and the definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan:

A.     "ADMINISTRATIVE CLAIM" means a claim entitled to priority under 11 U.S.C. § 507(a)(1), including a claim allowed under 11 U.S.C. § 503(b).

B.     "ADMINISTRATIVE CLAIMS BAR DATE" means the date set forth in the Confirmation Order by which each holder of an Administrative Claim, other than the United States Trustee or any professional employed by the Debtor pursuant to order of the Bankruptcy Court, must file an application for allowance of such claim.

C.     "BANKRUPTCY CODE" means title 11 of the United States Code (11 U.S.C. §§ 101-1532), and any amendments thereto, in effect or retroactively effective on the Petition Date.

D.     "BANKRUPTCY COURT" means the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division.

E. "CASE" means Case No. 17-06895 styled as *In re* Dawn Ellen Shrum, filed in the Bankruptcy Court.

F. "CONFIRMATION ORDER" means the order of the Bankruptcy Court confirming the Plan pursuant to 11 U.S.C. § 1129.

G. "CONFIRMATION HEARING" means the final hearing on confirmation of the Plan.

H. "CONVERSION SCHEDULES" means the schedules filed by the Debtor after the Conversion Date, as amended from time to time, which were prepared and distributed in accordance with the Bankruptcy Code.

I. "CONVERSION DATE" means May 18, 2018, the date of the order converting the Case to a case under chapter 13 of the Bankruptcy Code to a case under chapter 11 of the Bankruptcy Code.

J. "DEBTOR" means Dawn Ellen Shrum.

K. "DISCLOSURE STATEMENT" means the Disclosure Statement in Support of Debtor's Plan of Reorganization dated [·], as amended, supplemented, or modified from time to time, describing the Plan, which was prepared and distributed in accordance with the Bankruptcy Code.

L. "DISPUTED CLAIM" means any claim to which the Debtor has filed an objection on or before 30 days after the Effective Date: (i) for which a proof of claim has been filed or (ii) which was listed as disputed, unliquidated, or contingent in the Debtor's Conversion Schedules.

M. "DISPUTED CLAIMS RESERVE" means the reserve held by the Debtor with respect to Disputed Claims.

N. "EFFECTIVE DATE" means the 14th day following entry by the Bankruptcy Court of the Confirmation Order, unless such order is stayed pending appeal prior to the 14th day. If the Confirmation Order is stayed pending appeal, the Effective Date of the Plan shall be the 14th day after any such stay is either dissolved, vacated, or otherwise expires.

O. "ESTATE" means the bankruptcy estate of the Debtor and all assets and liabilities of such estate.

P. "FIRST DISTRIBUTION DATE" means the 10th day of the first full month following the Effective Date.

Q. "GENERAL UNSECURED CLAIM" means any allowed claim against the Debtor that is not a Claim within Classes 1, 2, 3A or 3B and is not an Administrative Claim or a Priority Tax Claim.

R. "HOLDER" means a Person who has timely filed a proof of claim in the Case or a Person who has not filed a timely proof of claim but was listed in the Debtor's Conversion Schedules as holding a claim that is liquidated, non-contingent, and undisputed.

S. "400 WHISTLER" means the real property located at 400 Whistler Cove, Franklin, Tennessee 37067.

T. "INSIDER" means a relative of the Debtor or a corporation of which the Debtor is a director, officer, or controlling person.

U. "IRS" means the Internal Revenue Service.

V. "Mr. Shrum" means Mr. Barry Shrum, the husband of the Debtor.

W. "OTHER PRIORITY CLAIM (NON-TAX)" means any claim entitled to priority under § 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

X. "PETITION DATE" means October 11, 2017.

Y. "PLAN" means the Debtor's Plan of Reorganization dated [·], in its present form, or as it may be amended, modified or supplemented.

Z. "PRIORITY TAX CLAIM" means an allowed claim of a governmental unit of the kind specified in 11 U.S.C. § 507(a)(8).

AA. "SECURED CLAIM" means a creditor's claim secured by a valid, enforceable, perfected, unavoidable security interest in the Debtor's property.

BB. "STUDENT LOAN CLAIM" means the claim of Navient Solutions, LLC, Proof of Claim No. 12-1.

CC. "TAX CODE" means the Internal Revenue Code of 1986, as amended.

DD. "UNDELIVERABLE DISTRIBUTIONS" means distributions to creditors that are returned undeliverable from the address set forth in such creditor's proof of claim or, if such creditor has notified the Debtor in writing of a new address for such creditor, from such new address.

## II. UNCLASSIFIED CLAIMS

A. <u>Administrative Claims</u> - Subject to the provisions of 11 U.S.C. §§ 330 and 331, each holder of an Administrative Claim that has been allowed by the Court prior to the confirmation of the Plan will be paid the allowed amount of its claim in full on the Effective Date of the Plan or as otherwise agreed to by the parties. Any Administrative Claims allowed after the confirmation of the Plan shall be paid in full upon the later of: (i) the Effective Date of the Plan, (ii) 30 days after allowance by the Court, or (iii) as otherwise agreed to by the parties. Any Administrative Claim, other than claims allowed under 11 U.S.C. § 330 or 28 U.S.C. § 1930, for

which a motion to approve such claim is not filed by the Administrative Claims Bar Date, shall be disallowed. In no event shall the Debtor be required to pay an Administrative Claim not allowed by the Bankruptcy Court.

B. <u>Priority Tax Claims</u> - All Priority Tax Claims for tax years 2014, 2015, and 2016, owing to the IRS, will be paid in full over 48 months with interest accruing at 3%. The estimated total of all Priority Tax Claims to be paid under the Plan is $25,181.11.

## III. CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

**Summary**

| Class | Description | Status | Voting |
|---|---|---|---|
| Class 1 | Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificate Holders of Thecwalt, Inc., Alternative Loan Trust 2006-OC10, Mortgage Pass-Through, Series 2006-OC10's ("BONY") Secured Claim | Impaired | Entitled to vote |
| Class 2 | Other Priority Claims (Non-Tax) | Unimpaired | Not entitled to vote |
| Class 3A | Navient Solutions, LLC's Student Loan Claim | Impaired | Entitled to vote |
| Class 3B | BONY's Deficiency Claim | Impaired | Entitled to vote |
| Class 3C | General Unsecured Claims | Impaired | Entitled to vote |

A. Class 1 – BONY's Secured Claim

1. Classification: Class 1 consists of the allowed claim of BONY to the extent secured by a valid, enforceable, perfected, unavoidable lien on 400 Whistler.

2. Treatment: The holder of the Class 1 Claim shall retain its lien on 400 Whistler to the extent it is secured by a valid, enforceable, perfected, unavoidable lien on 400 Whistler. The Class 1 Claim shall be allowed as a secured claim, in the principal amount of $300,000.00, with interest accruing at 4.75% over 360 months, less any adequate protection payments made during the Case. For the avoidance of doubt, any claim of BONY in excess of $300,000.00, less any adequate protection payments made during the

Case, alleged to be secured by 400 Whistler, is treated as an unsecured deficiency claim pursuant to Class 3B.

       3.     Voting: Class 1 is impaired and the holder of the Class 1 Claim is entitled to vote to accept or reject the Plan.

B.     Class 2 – Other Priority Claims (Non-Tax)

       1.     Classification: Class 2 consists of any allowed claims entitled to priority under 11 U.S.C. § 507(a), other than priority tax claims. There are currently no Class 2 Claims.

       2.     Treatment: The Holders of the Class 2 Claim shall be paid in full in equal monthly installments over 24 months from the Effective Date with interest at the annual rate of 3%.

       3.     Voting: Class 2 is impaired and the holder(s) of Class 2 Claim(s) is/are entitled to vote to accept or reject the Plan.

C.     Class 3A – Navient Solutions, LLC

       1.     Classification: Class 3A consists of Navient Solutions, LLC's Student Loan Claim.

       2.     Treatment: The holder of Class 3A Claim shall be paid in full in equal monthly installments over 75 months from the Effective Date with interest at the annual rate of 4%.

       3.     Voting: Class 3A is impaired and the holder of the Class 3A Claim is entitled to vote to accept or reject the Plan.

D.     Class 3B – BONY's Deficiency Claim

       1.     Classification: Class 3B consists of BONY's deficiency claim.

       2.     Treatment: The holder of the Class 3B Claim shall be paid $0.00.

       3.     Voting: Class 3B is impaired and the holder of the Class 3B Claim is entitled to vote to accept or reject the Plan.

E.     Class 3C – General Unsecured Claims

       1.     Classification: Class 3C consists of the holders of General Unsecured Claims.

       2.     Treatment: The holders of Class 3C Claims shall have the option to elect to be paid their pro-rata distribution of either: (i) $2,899.25 on the Effective Date or (ii) $5,798.51 to be paid quarterly for 60 months.

3. Voting: Class 3C is impaired and the holder of the Class 3C Claim is entitled to vote to accept or reject the Plan.

## IV. MEANS FOR IMPLEMENTATION OF THE PLAN

A. <u>Funding of the Plan</u> - The Debtor is an adjunct professor at Belmont University. Mr. Shrum, is also an adjunct professor at Belmont University and he operates a law practice, Shrum and Associates. In addition to the Debtor's contribution, it is anticipated that Mr. Shrum will provide funds for paying the payments under the Plan.

B. <u>New Value</u> - The Plan provides for the closure of the Case once the first payments under the Plan are made on the Effective Date. From and after the closing of the Case, the Debtor shall purchase all non-exempt assets of the Estate for between $596,719.93 and $599,619.19, depending upon the election of General Unsecured Creditors (the "New Value Consideration"), which shall be paid in monthly or quarterly installments, or upon liquidation of assets, in an amount equal to the payments to secured and unsecured creditors proposed to be made under the Plan (the "New Value Payments"). The source of funds to be used by the Debtor in making the New Value Payments shall be income generated by the Debtor or proceeds of asset sales after the closing of the Case. In the event that any party is willing to pay more than the New Value Consideration to purchase the non-exempt assets of the Estate, such Party is required to notify the Debtor in writing no later than 15 days prior to the first date set for the Confirmation Hearing. A failure to provide such notice shall constitute waiver of this right.

## V. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

A. <u>Assumption and Assignment of Unexpired Leases and Executory Contracts Not Rejected</u>

1. The Plan constitutes a motion pursuant to 11 U.S.C. § 365(a) to assume, upon the occurrence of the Effective Date, each and every lease and executory contract to which the Debtor is a party, which was not assigned prior to the Petition Date and that has not already been assumed or rejected during the pendency of the Case.

2. Any creditor having a cure claim resulting from the assumption of a contract or lease (a "Cure Claim") by this provision shall have 30 days from the Effective Date to file a proof of claim based on its Cure Claim. If the proof of claim for the Cure Claim is not filed by that date, such creditor shall be forever barred from receiving distributions on account to its Cure Claim.

## VI. DISTRIBUTIONS

A. <u>Timing of Distributions</u> - The Debtor shall make an initial distribution on the Effective Date of the Plan in payment of those classes of creditors entitled to cash payment on the Effective Date. The Debtor shall make interim distributions in accordance with the treatment specified for each class.

B. <u>Distribution Dates</u> - Unless otherwise specifically provided with respect to treatment of a class of claims, the following will govern payment of claims:

1. Monthly payments shall be made on or before the 10th day of the first full month following the Effective Date and shall continue on the 10th day of each month thereafter.

2. Quarterly payments shall be made on or before the 10th day of the fourth full month following the Effective Date and shall continue on the 10th day of every third month thereafter.

3. Semiannual payments shall be made on or before the 10th day of the sixth full month following the Effective Date and shall continue on the 10th day of each sixth month thereafter.

4. Annual payments shall be made on or before the 10th day of the anniversary of the Effective Date and shall continue on the 10th day of each twelfth month thereafter.

5. Payment shall be effective upon placing a bank draft for the amount of such payment payable to the creditor in U.S. funds in the U.S. Mail, postage prepaid.

C. Delivery of Distributions

1. Distributions to Holders of allowed claims shall be made by U.S. Mail, postage pre-paid, sent to the address of the Holder of such claim as indicated on the proof of claim filed by the Holder or, if no proof of claim has been filed, then to the address listed in the matrix filed by the Debtor. If any distribution to a Holder of an allowed claim is an Undeliverable Distribution, all further distributions to such Holder shall be retained by the Debtor unless or until the Debtor is notified in writing of such Holder's then-current address.

2. Undeliverable Distributions held by the Debtor pursuant to this provision shall not be entitled to interest, dividends, or accruals of any kind.

3. Any Holder of a claim whose distributions are held as an Undeliverable Distribution and who fails to provide a demand in writing to the Debtor for turnover of such held funds within 12 months of the date on which the first of such held funds was to be distributed to such creditor, shall be deemed to have waived any and all claims to such distributions so held and shall be permanently enjoined from seeking collection of such amounts or any future amounts on account of its allowed claim from the Debtor. The Debtor shall have no obligation to make any attempt to locate any Holder of an allowed claim.

D. Disputed Claims Reserve

1. In the event that that the Debtor objects to a claim, any distributions that would be payable to the holder of such claim, if such claim were allowed, will be held in a Disputed Claims Reserve pending a determination by the Court as to the allowed amount of the Disputed Claim.

1318381.1     7
Case 3:17-bk-06895    Doc 82    Filed 06/01/18    Entered 06/01/18 08:14:58    Desc Main
Document     Page 7 of 11

2.  In the event that a Disputed Claim is ultimately allowed in whole or in part, the Debtor will distribute to the Holder of such claim a payment equal to the sum of all payments that would have been made to such Holder as of the date the claim was allowed for such allowed claim with actual interest accrued, if any, on said amounts. Thereafter, the Holder will receive regular *pro rata* payments on each successive distribution date.

VII.  **RETENTION OF JURISDICTION AND PRESERVATION OF CAUSES OF ACTION**

   A.  <u>Retention of Jurisdiction</u> - Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Case after the Effective Date as is legally permissible, including jurisdiction to:

   1.  Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any claim or equity interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of claims, including subordination of claims;

   2.  Adjudicate any claims by the Debtor against third-parties, and claims against insurance policies and for return of premiums;

   3.  Grant or deny applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan;

   4.  Enter such orders necessary to carry out the provisions of the Plan;

   5.  Resolve any disputes as to the distributions to be made under the Plan;

   6.  Determine and resolve any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any other document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, including the modification of the Plan; and

   7.  Enter a final decree concluding the Case.

   B.  <u>Preservation of Causes of Action</u> - All rights and causes of action existing as of the Petition Date and held by the Debtor prior to the entry of the Confirmation Order shall be transferred to the reorganized Debtor, as successor in interest. All rights and causes of action that accrued after the Petition Date and held by the Debtor prior to confirmation of the Plan shall be transferred to the Reorganized Debtor, as successor in interest. The failure to list any specific cause of action as being preserved in the Plan shall not be deemed to bar the future prosecution of such claims on the basis of judicial estoppel, collateral estoppel, res judicata, waiver, or similar legal theory.

## VIII. MISCELLANEOUS PROVISIONS

    A.    <u>Payment of U.S. Trustee Fees</u> – Pursuant to 28 U.S.C. § 1930, the Debtor is responsible for the payment of quarterly fees to the United States Trustee as long as the Case remains pending. The amount due is based on the amount of disbursements made during a calendar quarter. Quarterly fees continue to accrue until the Case is closed by the entry of a Final Decree.

    B.    <u>Final Decree / Closing of Case</u> – The Final Bankruptcy Accounting and Motion for Final Decree required by Local Rule 3022-1 shall be filed and noticed by the Debtor upon completion of all payments due on the first distribution to holders of Class 3A, 3B, and 3C claims.

    C.    <u>Service of Documents</u> – All notices required under the Plan shall be deemed provided on the date that written notice is mailed, postage pre-paid, to the entity entitled to such notice, regardless of the date such notice is received. Any pleading, notice or other document required by the Plan to be served or delivered to the Debtor, unless expressly required to be served or delivered by other means, shall be sent by first class mail, postage prepaid to:

> Dawn Shrum
> 400 Whistler Cove
> Franklin, Tennessee 37067

> <u>With a copy to:</u>

> Michael E. Collins
> Robert W. Miller
> Manier & Herod, PC
> 1201 Demonbreun Street, Suite 900
> Nashville, TN 37203

    D.    <u>Discharge</u> – Upon confirmation of the Plan, all assets of the Estate shall vest in the Debtor in the same manner such assets were vested prior to the Petition Date. The Case shall be closed pursuant to 11 U.S.C. § 350(a) upon the Debtor's filing of evidence that she has made the first payments to Class 3A, Class 3B, and Class 3C holders. Upon completion of all payments required under the Plan to Class 3, the Debtor shall receive a discharge under 11 U.S.C. § 1141 and shall reopen the Case for the entry of a discharge order pursuant to 11 U.S.C. § 1141(d)(5).

    E.    <u>Injunction</u>

    1.    The confirmation of the Plan will bind the Debtor, all creditors, and other parties in interest to the provisions of the Plan, regardless of whether such creditors are impaired under the Plan or whether such creditors have voted against confirmation of the Plan.

    2.    Except with respect to the payments and payment schedules provided under the Plan, all Holders of claims will be enjoined from: (i) commencing or continuing any action or other proceeding of any kind with respect to such claims against the Debtor, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor, and (iii) creating, perfecting or

1318381.1    9
Case 3:17-bk-06895   Doc 82   Filed 06/01/18   Entered 06/01/18 08:14:58   Desc Main
Document   Page 9 of 11

enforcing any encumbrance of any kind against the property of the Debtor. The injunction shall remain in effect unless or until there has been an order of the Bankruptcy Court determining that there has been a default under the Plan and that the injunction provided hereunder should be lifted.

F. <u>Default</u> – In the event that any creditor entitled to receive payments from the Debtor under the Plan asserts that the Debtor has defaulted with respect to such payments, such creditor shall give written notice to the Debtor, by certified mail, identifying the alleged breach with specificity. In the event that the Debtor has not cured the alleged breach within 10 days of the Debtor's receipt of such written notice, the creditor shall file a motion with the Bankruptcy Court, with notice to the Debtor, to reopen the Case and seek a determination that a breach has occurred and that the injunction set forth in Section VIII.F. of the Plan should be lifted.

G. <u>Liens</u> – Any liens on property of the Estate, including 400 Whistler, held by creditors of the Debtor that are not preserved by the Plan are extinguished upon the entry of the Confirmation Order pursuant to 11 U.S.C. § 1141(c). Upon the request of the Debtor, any holder of a lien extinguished pursuant to this Plan shall cooperate with the Debtor to evidence the extinguishment of such lien in any local, county, state, or national records or database.

H. <u>Vesting of Property</u> – Except as otherwise specifically provided in the Plan, after confirmation of the Plan, all assets of the Estate will vest in the Debtor on the Effective Date free and clear of any claims, liens, and encumbrances.

I. <u>Appeals</u> – Unless the Confirmation Order is stayed pending appeal, the Plan may be consummated notwithstanding the pendency of such an appeal, or the timely filing and service of a motion under Federal Rules of Bankruptcy Procedure 7052, 8002(b), 8002(c), 8003, 8013, 9023, or 9024.

J. <u>Amendment, Modification or Withdrawal</u> – The Debtor, subject to Court approval, reserves the right to amend, modify, or withdraw, in whole or in part, the Plan before or after the confirmation of the Plan, but before substantial consummation, consistent with 11 U.S.C. § 1127.

K. <u>Captions</u> – Headings of Sections and paragraphs are inserted for convenience only and shall not affect the meaning of any Plan provisions.

L. <u>Severability</u> – If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

M. <u>Binding Effect</u> – The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Date: May 31, 2018

        Respectfully submitted,

        MANIER & HEROD, P.C.

        /s/ Robert W. Miller
        Michael E. Collins (BPR No. 16036)
        Robert W. Miller (BPR No. 31918)
        1201 Demonbreun Street, Suite 900
        Nashville, TN 37203
        Tel: 615-244-0030
        Fax: 615-242-4203
        mcollins@manierherod.com
        rmiller@manierherod.com

        Counsel for Debtor