UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | ) | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DAWN ELLEN SHRUM, | ) | CASE NO. 17-06895 |
| | ) | |
| DEBTOR. | ) | JUDGE HARRISON |
| | ) | |

**DEBTOR'S REPLY MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION**

Comes now Dawn Ellen Shrum (the "Debtor"), by and through counsel, and files this Reply Memorandum in Support of confirmation of the Debtor's Amended Plan of Reorganization.

**REPLY**

**A. THE DEED OF TRUST PROVIDES A SECURITY INTEREST IN THE ESCROW FUNDS AS EXTRA SECURITY**

1. In spite of BONY's protestations, the escrow funds required by the Deed of Trust[1] constitute extra security, thereby rendering the Deed of Trust modifiable. BONY asserts that "it cannot dip into escrow funds and apply those funds to principal and interest." [Dkt Entry No. 121, p. 7]. As its legal foundation, BONY points to 12 C.F.R. § 1024.17(f)(i), the default provision governing escrow account surpluses, which provides that an escrow surplus over $50 is refunded to the borrower and an escrow surplus less than $50 can be applied to the next year's escrow. BONY conveniently overlooks the next provision, 12 C.F.R. § 1024.17(f)(ii). That subsection limits the previous subsection to current borrowers and delineates a differing treatment of non-

---

[1] All capitalized terms not defined herein have the meanings ascribed them in the Debtor's Memorandum of Law and Fact in Support of Confirmation of Debtor's Amended Plan of Reorganization (the "Initial Brief") [Dkt Entry No. 120].

current borrowers. Indeed, if a non-current borrower has an escrow surplus, the lender/servicer is "entitled to retain the surplus in the escrow account pursuant to the terms of the federally related mortgage loan documents." 12 C.F.R. § 1024.17(f)(ii). Turning to the Deed of Trust, which governs the order of priority of payments received, it requires BONY to apply all payments first to interest due under the relevant note, then to principal due under the relevant note, and then to amounts due for escrow items. *Deed of Trust,* at 3–4, ¶ 2. Thus, if the borrower is delinquent and he or she has an account surplus, BONY is entitled to apply the escrow funds to interest and principal. In other words, the escrow account constitutes further and extra security beyond the Property itself.

2. BONY also attempts to broaden the scope of the anti-modification provisions to "escrow funds tied to the real property at issue." *See* [Dkt Entry No. 121, at 9]. A "tie" is not sufficient to satisfy the Sixth Circuit test *Reinhardt* as the mobile home was at least as "tied" to the real property in that case as the escrow proceeds are to this Property. The similarities between a mobile home and escrow proceeds for purposes of this analysis are surprising, yet still relevant. Both are not real property and they do not relate to the replacement of the real property or the bundle of possessory rights. *See Stevens v. SunTrust Bank (In re Stevens),* 581 B.R. 534, 540-43 (Bankr. N.D. Ohio 2015).[2] As a result, both are extra security that negate the protections of the anti-modification provisions.

---

[2] Although BONY seeks to distinguish *Stevens v. SunTrust Bank (In re Stevens),* 581 B.R. 534, 542-45 (Bankr. N.D. Ohio 2015) on the basis of the differing language in the applicable deeds of trust, its analysis of whether escrow proceeds constitute additional security is applicable irrespective of the language in the deed of trust.

## B. MISREPRESENTATION DAMAGES ARE ADDITIONAL SECURITY PROTECTING BONY

3. BONY's security interest in misrepresentation damages exceeding the Property's value is not just relevant but it is dispositive of the modifiability of the Deed of Trust. The assignment of misrepresentation damages in the Deed of Trust is a blanket assignment, it is not cabined to the value of the Property. Thus, if either punitive or treble damages are awarded, and the value of the debt secured by the Deed of Trust is greater than the value of the Property (i.e. the Property is "underwater"), which it in fact is, the treble damages or punitive damages in excess of the value of the Property would be used by BONY to pay down the debt. In other words, this security interest constitutes extra collateral protecting BONY's interests. The misrepresentation damages do not simply replace the value that would be lost like hazard insurance. BONY could have easily tailored the Deed of Trust to limit the assignment to the value of the underlying collateral. Instead, BONY chose for whatever reason to take an assignment in any and all damages, which constitute extra collateral.

4. BONY mistakenly equates the assignment of misrepresentation proceeds with rents and profits by asserting that both can exceed the value of the underlying real property. This argument violates basic finance principles – the present value of rents and profits cannot exceed the present value of the underlying real property because **it is** the present value of the underlying real property. The value of real property under a discounted cash flow method is the reflection of its net income (usually net rents) over the estimated life of the property, discounted to present value. *See In re Vanderveer Estates Holding, LLC*, 293 B.R. 560, 578-79 (Bankr. E.D.N.Y. 2003). "Discounting" is necessary because "benefits received in the future are worth less than the same benefits received today." *Id.* Because they are the value of the real property, the value of rents and

profits will never exceed the present value of real property.[3]  If the value of the rents or profits increase, the present value of the real property will correspondingly increase.  Thus, unlike misrepresentation damages, which can easily outstrip the value of the Property, rents and profits cannot as they will always equal the present value of the Property.  Accordingly, rents and profits are a replacement for the Property and distinguishable from misrepresentation damages, which are not.

C.  **BONY'S RELIANCE ON PUBLIC POLICY IS INAPPROPRIATE BECAUSE THE STATUTE IS UNAMBIGUOUS**

5. Realizing the weaknesses of its position on both the escrow proceeds and the misrepresentation damages, BONY seeks additional support from alleged public policy protecting its deed of trust form.  Unfortunately for BONY, the Sixth Circuit has rejected the use of public policy in evaluating the Bankruptcy Code's anti-modification provisions.  In *Reinhardt v. Vanderbilt Mortgage and Finance, Inc.*, the Sixth Circuit refused to evaluate the legislative history or the fact that its holding would impact countless deeds of trust.  563 F.3d 558, 562-63 (6th Cir. 2009).  The language of the statue was clear and the Court found it inappropriate to rely upon other sources.  *Id.*  Indeed, BONY still believes that *Reinhardt* was decided wrongly.  *See* [Dkt Entry No. 121, at 5 n.1].  Squaring BONY's policy-focused analysis with *Reinhardt,* the Sixth Circuit's most recent evaluation of the anti-modification clause, is simply impossible.  As a result, the policy-focused cases BONY relies upon are inapposite.

## CONCLUSION

6. The plain language of the statute controls and, in this case, the Deed of Trust is modifiable because it includes extra collateral, the escrow proceeds and the misrepresentation

---

[3] Under a DCF calculation, an investor would be agnostic about owning the rights to lease the real property forever or owning the property itself forever.

proceeds, which are not: (i) real property under state law (i) a replacement for the real property, or (iii) part of the bundle of possessory rights.

Respectfully submitted,

MANIER & HEROD, P.C.

/s/ Robert W. Miller
Michael E. Collins (BPR No. 16036)
Robert W. Miller (BPR No. 31918)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Tel: (615) 244-0030
Fax: (615) 242-4203
mcollins@manierherod.com
rmiller@manierherod.com

Counsel for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via the Court's ECF system on November 19, 2018, on all parties registered to receive electronic service.

/s/Robert W. Miller
Robert W. Miller
