UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DAWN ELLEN SHRUM, | ) | CASE NO. 17-06895 |
| | ) | |
| DEBTOR. | ) | JUDGE HARRISON |
| | ) | |

**ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION AND SETTING BAR DATE FOR ADMINISTRATIVE CLAIMS**

Upon the Debtor's Second Amended Plan of Reorganization (the "Plan") [Dkt Entry No. 129] filed on January 3, 2019; and the Amended Disclosure Statement in Support of the Debtor's Amended Plan of Reorganization filed on July 6, 2018 [Dkt Entry No. 94] (the "Disclosure Statement") having been duly approved by the Court; and a copy of the Plan and the Disclosure Statement having been transmitted to the holders of claims and interests; and the objection of Bank

1

of New York Mellon fka the Bank of New York, as Trustee for the Certificate Holders of Thecwalt, Inc., Alternative Loan Trust 2006-OC10, Mortgage Pass-Through, Series 2006-OC10 to the Plan [Dkt Entry No. 105] having been resolved and no other objections to the Plan having been filed; and at least one impaired class of claims having voted in favor of the Plan as reflected in the Ballot Summary filed by the Debtor [Dkt Entry No. 114]; and a hearing on confirmation of the Plan having been held on January 8, 2019 (the "Confirmation Hearing"), where an appearance was made by Robert W. Miller on behalf of the Debtor; and based upon the representations and testimony presented at the Confirmation Hearing, the Court finds as follows:

1. 11 U.S.C. § 1129(a)(1): The Plan complies with the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. 11 U.S.C. § 1129(a)(2): The Debtor, the plan proponent, has complied with the applicable provisions of the Bankruptcy Code.

3. 11 U.S.C. § 1129(a)(3): The Plan has been proposed in good faith and not by any means forbidden by law.

4. 11 U.S.C. § 1129(a)(4): Any payment made or promised by the Debtor, or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incident to the case, has been disclosed to the Court; and any such payment if made before confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable.

5. 11 U.S.C. § 1129(a)(5): The Debtor has disclosed the identity of any insider that will be employed or retained, and the nature of any compensation for such insider.

6. <u>11 U.S.C. § 1129(a)(6)</u>: This part is not applicable as the Debtor is an organized entity, not an individual

7. <u>11 U.S.C. § 1129(a)(7)</u>: With respect to each class, each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor's property was liquidated pursuant to a conversion of the Debtor's case to chapter 7 of the Bankruptcy Code.

8. <u>11 U.S.C. § 1129(a)(9)</u>: Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

   a. with respect to a claim of a kind specified in 11 U.S.C. §§ 507(a)(2) or 507(a)(3), on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

   b. with respect to a class of claims of a kind specified in 11 U.S.C. §§ 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7), each holder of a claim of such class will receive, if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or, if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; and

   c. with respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding five years from October 11, 2017, the petition date of this case (the "Petition Date"), of a value, as of the effective date of the Plan, equal to the allowed amount of such claim, which treatment is no less favorable than any other unsecured creditor class.

3

d. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(9) and all of its subdivisions.

9. 11 U.S.C. § 1129(a)(10): At least one impaired class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class, as reflected by the Ballot Summary [Dkt Entry No. 114] filed by the Debtor.

10. 11 U.S.C. § 1129(a)(11): Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan.

11. 11 U.S.C. § 1129(a)(12): All fees payable under 28 U.S.C. § 1930 that are due have been paid and the Plan provides for the payment of all such future fees that become due and owing;

12. 11 U.S.C. § 1129(a)(13):The Plan does not obligate the Debtor to pay any retiree benefits.

13. 11 U.S.C. § 1129(a)(14): No amounts are payable under any applicable statutes or judicial or administrative orders to pay domestic support obligations that first become payable the Petition Date.

14. 11 U.S.C. § 1129(a)(15): The value of the property to be distributed under the Plan to holders of general unsecured claims is not less than the projected disposable income of the Debtor (as defined in 11 U.S.C. § 1325(b)(2)) to be received during the five year period beginning on the date that the first payment is due under the Plan.

15. 11 U.S.C. § 1129(a)(16): This part is not applicable as the Debtor is not a corporation or a trust.

16. <u>11 U.S.C. § 1129(b)</u>: The Plan satisfies 11 U.S.C. § 1129(b) because it does not discriminate unfairly and it is fair and equitable, with respect to each class of claims or interests that is impaired under and has not accepted, the Plan;

    a. The Plan provides that holders of secured claims shall retain their respective liens to the extent the property is retained by the Debtor and to the extent of the allowed amount of such claim; and

    b. The Plan provides that holders of secured claims receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, as of the effective date of the Plan, of at least the value of such holder's interest in the estate's interest in such property;

    c. The Plan provides with respect to the classes of unsecured claims, the holder of any claim or interest that is junior to the claims of the classes of unsecured claims will not receive or retain under the Plan on account of such junior claim or interest any property unless and until all unsecured claims are paid in full.

IT IS THEREFORE ORDERED THAT:

A. All terms in this Order, unless specifically defined herein, shall be defined in accordance with the meanings of such terms under the Plan.

B. The Plan, a copy of which is attached hereto as **Exhibit A**, is hereby confirmed.

C. The deadline for filing applications for allowance of administrative claims, other than claims for professional fees pursuant to 11 U.S.C. § 330, in the case is __February 15__, 2019. This deadline is applicable to claims held by governmental entities and taxing authorities, irrespective of 11 U.S.C. § 503(b)(1)(D). Any claimant filing a late administrative claim is forever barred, estopped, and enjoined from asserting

5

such claim against the Debtor.

D. The Debtor shall serve this Order on all creditors, interest holders and parties requesting service in this case within two business days of its entry.

SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Submitted for Entry:

MANIER & HEROD, P.C.

/s/ Robert W. Miller
Michael E. Collins (Bar No. 16036)
Robert W. Miller (Bar No. 31918)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Tel: 615-244-0030
Fax: 615-242-4203
mcollins@manierherod.com
rmiller@manierherod.com

Counsel for the Debtor

6

1375874.1

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:17-bk-06895    Doc 135    Filed 01/16/19    Entered 01/16/19 07:48:28    Desc Main
Document    Page 6 of 6